The Farmers Bank and Trust Company of Hummelstown, Petitioner *v.* Commonwealth of Pennsylvania, Department of Banking, Respondent.

326

Argued March 7, 1979, before President Judge
BOWMAN and Judges WILKINSON, JR., MENCER, ROGERS,
BLATT, DISALLE and MACPHAIL. Judges CRUMLISH,
JR. and CRAIG did not participate.

*Herbert A. Schaffner*, with him *Reynolds, Bihl and
Schaffner*, for petitioner.

*Bonnie Jean McRobbie*, Assistant Attorney Gen-
with her *John E. Nanorta*, Assistant Attorney Gen-
eral, and *Gerald Gornish*, Acting Attorney General,
for respondent.

OPINION BY JUDGE MENCER, June 11, 1979:

The Department of Banking (Department), by or-
der dated June 2, 1978, directed The Farmers Bank
and Trust Company of Hummelstown (Farmers
Bank) to reduce the interest rate applicable to 24
mortgages to the rate originally contracted, to con-
tinue that interest rate during the entire life of the
loans, and to refund to the affected mortgagors any
excess interest paid to the Farmers Bank. The Farm-
ers Bank petitioned for review in the nature of an ap-
peal of this June 2, 1978 order.

Farmers Bank has always carried residential mortgages in its loan portfolio. Prior to the entry into the closing for such a loan, the bank causes the real estate that will serve as collateral for the loan to be appraised and that appraisal becomes a part of each loan file. Thus, for each loan, a ratio can be determined between the amount of the loan and the value of the real estate collateral. Uniformly, before 1977, the bank would write the terms for such a loan by indicating the monthly payments that would be required to pay off the loan, those payments first applied to interest due and the balance to principal reduction, and the number of years for which payments would be required would generally be from 10 to 20 years. Thus, a mortgage loan might be for $14,000 at 7 percent interest, the monthly payment would be $108.55, and this monthly payment would amortize the loan completely in 20 years. Yet the loan documents would contain a statement as follows: "The total amount of mortgage shall be due and payable three years[1] from the date of execution hereof." (Footnote added.)

It is Farmers Bank's position that this type of loan repayment language protected its shareholders and depositors by permitting the bank to adjust interest rates if the original rates appeared unfair in the light of later economic conditions. Prior to 1974,[2] the

---

[1] Some of the mortgages provided that the total amount of the mortgage would be due and payable in one year from the date of execution.

[2] Farmers Bank suggests that the Department's failure to criticize, prior to 1974, the call feature of mortgages held by it should have been an estoppel to the entry of the Department's order which is the subject of this appeal. However, it is a fundamental legal principle that a state or other sovereignty cannot be estopped by any action or inaction of its officers or agents in the performance of a governmental, as distinguished from a proprietary, function. *Commonwealth v. Western Maryland Railway*, 377 Pa. 312, 105 A.2d 336 (1954).

Department never criticized Farmers Bank for such mortgage document language.

On August 8, 1974, the Board of the Farmers Bank decided to raise the interest rates on mortgages that were below 7½ percent to that figure, and letters were sent to 242 mortgagors of the Farmers Bank notifying those mortgagors of the bank's action. The letter evidences that no "call" was made and in fact the bank did not, in any of these instances, demand the loan balance to be paid off. As a result of this letter, complaints were made by mortgagors to the Department.

The Department considered Farmers Bank's action against the background of Section 310(a)(i)(A) and (B) of the Banking Code of 1965, Act of November 30, 1965, P.L. 847, *as amended* (Banking Code), 7 P.S. §310(a)(i)(A), (B), which provides:

> (a) Permissible loans; maximum amount and term—An institution may, subject to the requirements of this section, make or acquire a loan secured by a lien on real estate (including a lease-hold) located in any state or the District of Columbia, in a dependency or insular possession of the United States or in the Commonwealth of Puerto Rico, in an amount and for a term not to exceed:
>
> (i) in the case of improved real estate, including farm land:
>
> (A) two-thirds of the value for ten years, if unamortized, or
>
> (B) four-fifths of the value for thirty years, if the terms of the loan require substantially equal payments at successive intervals of not more than one year each and in an amount sufficient to pay all principal of and interest on the loan within the term of the loan, except that the date of the initial payment on a loan to a commercial or industrial borrower may be de-

ferred for a period not in excess of three years from the date of the loan. . . .

The Department determined that 218 of the mortgagors notified had mortgage loans which were encompassed by the language of Section 310(a)(i)(A) of the Banking Code but that 24 of the loans were subject to the provisions of Section 310(a)(i)(B) of the Banking Code and that as to these 24 loans Farmers Bank could not change the interest rate during the period of the loan.

The issue here is whether or not, under the provisions of the Banking Code, a real estate loan in an amount not exceeding four-fifths of the value of the improved real estate subject to a mortgage securing the loan and for a term not exceeding 30 years which is amortized to provide substantially equal payments at successive intervals of not more than one year each and in an amount sufficient to pay all principal of and interest on the loan within the term of the loan may be subject to a provision in the mortgage allowing the mortgage bank to call the loan due and payable after three years of the date of the mortgage and/or raise the interest rate at the time of the call. The Department concluded that such a call provision was in violation of Section 310(a)(i)(B) of the Banking Code.

Section 310(a)(i)(B) requires that the terms of a real estate loan provide for substantially equal payments. When a loan secured by a mortgage is established, with terms to amortize the loan over a 20-year period but subject to payment in full at the expiration of three years, the consequence is, by necessity, a loan that will have constant periodic payments of relatively small amounts, compared to the amount of the loan, and a final payment equal to the unpaid balance of the loan that simply cannot be substantially equal to the amount of each of the previous payments. Such a re-

payment arrangement obviously does not comply with the requirements of Section 310(a)(i)(B) because all the payments are not substantially equal.

We can understand Farmers Bank's desire to re-adjust the interest rates periodically on mortgages to remain competitive. However, our reading of, and reflection upon, Section 310(a)(i)(B)[3] convinces us that the Department's order of June 2, 1978 was proper and must be affirmed.

### Order

And Now, this 11th day of June, 1979, the order of the Department of Banking, under date of June 2, 1978, directing the Farmers Bank and Trust Company of Hummelstown to adjust the 24 mortgages found to be in violation of Section 310(a)(i)(B) of the Banking Code of 1965, 7 P.S. §310(a)(i)(B), is hereby affirmed.

---

[3] The Department and Farmers Bank have not cited to us any case law pertaining to the issue confronting us on this appeal. Likewise, our research has not resulted in any decisional precedents to assist our resolution of the question.